UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIE S. LOCKHART,<br><br>               Plaintiff,<br><br>     v.<br><br>BECHTEL NATIONAL, INC., a<br>Nevada corporation,<br><br>               Defendant. | NO:  12-CV-5075-TOR<br><br>ORDER GRANTING JOINT MOTION<br>FOR PROTECTIVE ORDER |

BEFORE THE COURT is the parties' Joint Motion for Protective Order (ECF No. 27). Having reviewed the motion and the files herein, the Court is fully informed.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

**1.     Documents.**  The word "documents" includes all materials described in Fed. R. Civ. P. 34(a)(1), interrogatory answers, responses to requests to admit, documents produced by any party or non-party in this action whether pursuant to Fed. R. Civ. P. 34, subpoena, or by agreement, deposition transcripts, videotapes of

1  depositions, and exhibits, and any portions of any court papers which quote from
2  or summarize any of the foregoing.

3      **2.**    **Scope and Purpose of the Order.**  The Protective Order shall govern
4  the designation and handling of protected documents produced by any party or
5  non-party in discovery in this litigation, whether by voluntary production of
6  disclosure or in response to any formal discovery procedure, including designation
7  and handling of nonpublic information of a confidential nature.  The Protective
8  Order does not affect any party's obligations under the Federal Rules of Civil
9  Procedure to produce documents as required by the rules of discovery or an order
10  of the Court.  The purpose of the Protective Order is to facilitate the handling of
11  nonpublic information of a confidential, proprietary, or sensitive nature.

12      **3.**    **Standards for Protected Documents.**  Any party or non-party who is
13  required to produce documents or information in discovery in this litigation may
14  designate produced material as protected.  The designation "CONFIDENTIAL"
15  shall be limited to information that any producing party, including any non-party,
16  in good faith believes to contain such material or matter used by it in, or pertaining
17  to, its business, which is not generally known and which the party normally would
18  not reveal to third parties or would cause third parties to maintain in confidence,
19  including trade secrets, unpublished financial data, technological developments,
20  pricing or cost information, production or sales forecasts or strategy, commercially

sensitive information of a non-public nature, confidential employee and personnel information and documents, confidential healthcare information and documents, and/or other confidential and sensitive materials of a similar nature.

    **4.    Protected Documents.** Protected documents are those documents marked as "CONFIDENTIAL" and/or "CONFIDENTIAL - FOR ATTORNEYS EYES ONLY" by the producing party or non-party. Protected documents will be covered by the Protective Order and will be used only for the purposes of this case, and will not be used by any party, party representative, or counsel for any purpose unrelated to this case.

    **5.    Designating Protected Documents.**

        a.  <u>Marking Protected Documents</u>. Protected documents shall be designated confidential by marking them "CONFIDENTIAL" in a size and location that makes the designation readily apparent.

        b.  <u>Confidential Non-Party Employees' Personnel, Medical/Health and Disciplinary Information and Documents</u>. Non-party current or former employees' personnel, medical/health and disciplinary information and documents produced by Defendant BNI will be designated as "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY," except that specific references to Willie S. Lockhart contained therein shall be designated as CONFIDENTIAL.

ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER ~ 3

    c. <u>Reservation of Rights</u>.  The Parties reserve and do not waive the right to challenge any such designations under paragraph 11 below.

    d. <u>Designating Deposition Testimony</u>.  Any party or non-party wishing to designate deposition testimony or deposition exhibits as confidential may do so on the record during the deposition, or within 30 days after entry of this Protective Order, or within 15 days after receipt of the deposition transcript and exhibits, whichever is later, by providing written notice of the designation to the parties and any other affected person.  The party making the designation shall be responsible for assuring that those portions of the deposition transcript and exhibits designated as confidential are appropriately identified as such by the reporter.

    e. <u>Subsequent Designation</u>.  A protected document produced or disclosed without a "CONFIDENTIAL" or "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" designation may be subsequently designated as such by any party.  In each such case, the designating person shall provide to all other parties written notice of that designation and a copy of the document marked in accord with paragraph (5)(a), (b).  No person shall be liable for publicly disclosing a document marked "CONFIDENTIAL" or

ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER ~ 4

1  "CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY" if that
2  disclosure occurred prior to receipt of written notice pursuant to
3  this paragraph.

4  **6.    Maintaining Designated Protected Documents.**  Any protected
5  document must be maintained in a manner reasonably calculated to preserve its
6  confidentiality.

7  **7.    Disclosure of Protected Documents.**

8  a.  Except as set forth herein or by any subsequent court order, no
9  protected documents shall be delivered, exhibited, or disclosed to
10 any persons unless done in a manner in compliance with the
11 Protective Order.
12 b.  Protected documents may be delivered, exhibited, or disclosed to
13 the following persons subject to the limitations in the Protective
14 Order:
15 i.   The parties' counsel, including BNI's outside attorneys
16 and in-house counsel.
17 ii.  Secretaries, paralegal assistants, and other employees of
18 such counsel who are actively engaged in assisting
19 counsel in the preparation of these actions.
20 iii. Employees and/or service providers of parties involved

ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER ~ 5

solely in one or more aspect of organizing, filing, coding, copying, scanning, converting, storing or retrieving data and/or designing programs for handling data connected with these actions, and to employees of third party contractors performing one or more of these functions for one or more parties.

  iv. The parties and their client representatives for purposes related to this litigation; provided, however, that employees' personnel and disciplinary information and documents designated as CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY shall not be exhibited, shown, or disclosed to Plaintiff Lockhart.

  v. Counsel for the United States Department of Energy (DOE) and other appropriate officials of DOE who are involved in litigation review, together with the secretaries, paralegal assistants, and other employees of such counsel and officials.

  vi. Persons noticed for depositions or designated as trial witnesses and their counsel to the extent deemed necessary by counsel for the witnesses' preparation for

ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER ~ 6

testimony; provided, however, that employees' personnel and disciplinary information and documents designated as CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY shall not be exhibited, shown, or disclosed to Plaintiff Lockhart or to any current or former non-management employees of Defendant BNI; provided, however, that current or former non-management employees of Defendant BNI may be shown their own personnel and disciplinary information and documents during deposition or trial of this matter.  Persons noticed for depositions or designated as witnesses shall be provided with a copy of the Protective Order and requested to execute Exhibit A thereto prior to receiving any documents subject to this Order.

 vii. The court or court personnel involved in the court's handling of this litigation, and court reporters and videographers.

 viii. Outside consultants and experts retained for the purpose of assisting in the preparation of this action.

 ix. Persons retained or engaged for purposes of alternative

ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER ~ 7

dispute resolution, including mediators and/or arbitrators and their staff to the extent reasonably necessary.

  x. Employees of copying and similar outside services utilized with respect to this action.

  xi. Any person identified as having authored or having previously received the protected document(s).

 c. Before making disclosure of protected documents to an outside consultant or expert, the party must obtain an agreement in writing from the outside expert or consultant designating the documents or materials to be disclosed with particularity, and reciting that he or she has read a copy of this Protective Order and agrees to be bound by its provisions.

 d. This Protective Order does not apply to information obtained by or made available to any such person by means other than the discovery provisions of the Federal Rules of Civil Procedure.

 **8.** **Disclosures to Other Counsel.**  Protected documents may be disclosed to counsel who (1) file an appearance for any party in this action; and (2) are actively engaged in the preparation of this action, but only on the conditions that such counsel shall not use, directly or indirectly, any information from the confidential documents of another party or non-party in connection with any

ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER ~ 8

1 commercial or legal activity not directly involved with the prosecution or defense
2 of this action or otherwise violate the provisions herein unless compelled by
3 subpoena or court order, provided that a protected document shall not be disclosed
4 pursuant to a subpoena until the producing party of the protected document is
5 afforded notice of the subpoena and ten (10) days within which to object to the
6 subpoena.  If an objection is made, the protected document shall not be disclosed
7 unless the Court orders the disclosure.

8     **9.**    **Producing Party's Use of Protected Documents.**  Nothing in this
9 Protective Order limits a producing party's use of its own documents or documents
10 obtained through means other than discovery requests or subpoenas in this
11 litigation.  Such disclosures shall not affect any confidential designation made
12 under the terms of this Protective Order.

13     **10.**    **Filing of Protected Documents.**  Nothing in this Order shall preclude
14 any party from using documents designated "CONFIDENTIAL" or
15 "CONFIDENTIAL - FOR ATTORNEYS EYES ONLY" during hearings, court
16 proceedings, and/or motion practice if the party reasonably believes the material is
17 necessary for the hearing, court proceeding, and/or motion practice.  If a non-
18 producing party wishes file a protected document without sealing the same, the
19 parties shall meet and confer about whether such document(s) can be filed without
20 the protection of filing them under seal.  If the parties cannot resolve any dispute

ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER ~ 9

over sealed documents within five (5) judicial days, the party wishing to file a protected document without sealing the same may move the Court for an order to remove the protected designation under paragraph 11 below.

Nothing in the preceding paragraph shall prevent either party from filing a document under seal.

**11.    Reference to Protected Documents.**  Protected documents may be referred to in interrogatory answers, motions, briefs, and may be used in depositions and marked as deposition exhibits in this action and at trial.  However, no such document or testimony shall be used for any of these purposes unless it, or the portion of the court paper in which it is revealed, is appropriately marked CONFIDENTIAL or CONFIDENTIAL - FOR ATTORNEYS' EYES ONLY.

**12.    Disputes as to Confidentiality Designation.**

a.    <u>Meet and Confer Requirement</u>. If, at any time, a party disagrees with the designation of a protected document, the parties must first attempt to resolve the dispute informally in a face-to-face or telephonic conference initiated by the party disputing the designation.  If the dispute is not resolved through the meet-and-confer process within a reasonable time, the party seeking protection may move for a protective order or the party disputing the designation may present the objection(s) to the court.

ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER ~ 10

b.  <u>Status Pending Resolution of Disputes</u>.  Any disputed document or other material must be treated as a protected document under the Protective Order until entry of a court order ruling otherwise.

c.  <u>Rights of the Parties</u>.  The Protective Order is without prejudice to the right of any party to apply to the Court for any further protective order relating to any confidential information or for an order permitting disclosure of any confidential information beyond the terms of the Protective Order.  Nothing in the Protective Order shall prevent any party or non-party from seeking modification of the Protective Order or from objecting to discovery that it believes to be otherwise improper.

d.  <u>Documents for Trial</u>.  After the pretrial conference, the parties must meet and confer to (a) reach an agreement as to the confidentiality of information to be used at trial, and (b) designate documents as trial exhibits.  If necessary, the parties or the court will also develop a method for maintaining the confidentiality of such information and documents at trial.  At the producing party's request, any document previously designated confidential must be used at trial only in a clean or redacted copy without any such designation.  The producing party has the burden of producing

ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER ~ 11

such copies to the non-producing party.

**13.   Return of Documents.**  Within sixty (60) days of the termination of litigation between the parties, including final appellate action or the expiration of time to appeal or seek further review, a producing party may request the return or destruction of "Confidential" and/or "Attorneys Eyes Only" protected documents under the Stipulated Protective Order in this Lawsuit.  It is Plaintiff's position that the parties should have the ability to retain protected documents in a client file for six years, subject to the provisions of this protective order, so a complete record exists to support the legal advice and decision-making that led to the resolution of the case.  Defendant believes that the party producing the protected documents shall be entitled to designate whether they should be returned or destroyed, including all hard copies and/or all electronic versions.  The parties will work cooperatively to reach an agreement regarding the return, destruction or preservation of protected documents. If the parties cannot reach agreement regarding the return of protected documents, either may seek appropriate relief from the Court at that time.

**14.   Commencement.**  By signature of counsel below, the parties agree to abide by the terms of the Stipulated Protective Order as soon as this Order is entered.

ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER ~ 12

1 | The District Court Executive is hereby directed to enter this Order and
2 | provide copies to counsel.
3 | **DATED** this 30th day of August, 2012.
4 | *s/ Thomas O. Rice*
5 | THOMAS O. RICE
United States District Judge

ORDER GRANTING JOINT MOTION FOR PROTECTIVE ORDER ~ 13